IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Keith Dandridge, El., etc. | Case No. 3:11 MC 80 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Wells Fargo Bank, NA, | |
| Respondent. | |

*Pro se* Petitioner Executor of the Estate of Keith DeWayne Dandridge filed this action against Respondent Wells Fargo Bank. Petitioner asks this Court to give full faith and credit pursuant to 28 U.S.C. § 1738 to an alleged administrative proceeding and default judgment against Respondent Bank.

## BACKGROUND

In May 2011, Petitioner sent Respondent a lengthy "Notice and Demand" (Doc. No. 1-1). In this Notice, Petitioner asserted Respondent breached a mortgage contract relating to the Dandridge Estate and was liable for fraudulent conversion. Petitioner further maintained Respondent engaged in an elaborate shell game by taking ownership of a mortgage note without actually loaning or investing money and then unlawfully demanding the property owner repay the value of the mortgage plus interest. Petitioner set forth thirty-five "Interrogatories" and twenty-eight "Statements of Fact," and demanded detailed responses. In the alternative, Petitioner gave Respondent the option of

sending Petitioner a "Statement of Account" reflecting a zero balance on Dandridge's mortgage loan and releasing its foreclosure petition on the property in question (Doc. No. 1-1 at 10).

Petitioner's Notice and Demand was notarized and sent to Respondent via registered mail. Respondent did not respond.

In June 2011, Petitioner sent Respondent a "Notice of Default with Opportunity to Cure" (Doc. No. 1-2). In this document, Petitioner asserted Respondent's failure to reply to Petitioner's previous Notice constituted an admission of every statement, fact, and interrogatory contained therein. Petitioner then set forth a "Summary of Damages," concluding Respondent owed Petitioner the sum of $12,448,840.92 (Twelve Million Four-Hundred Forty-Eight Thousand Eight-Hundred Forty Dollars and Ninety-Two Cents) (Doc. No. 1-2 at 3–4). This sum included the actual value of Dandridge's mortgage payments as well as a compensatory and punitive damages "multiplier." Petitioner stated he would allow Respondent ten days to respond to cure its alleged default (Doc. No. 1-2 at 3).

Petitioner's "Notice of Default with Opportunity to Cure" was also notarized and sent to Respondent via certified mail. Once again, Respondent did not respond.

In August 2011, Petitioner sent Respondent a "Final Notice of Default with Certificate of Non Response" (Doc. No. 1-3) In this Final Notice, Petitioner asserted Respondent's failure to respond constituted a default and warned that he would institute civil and/or criminal proceedings to collect on his claims.

Petitioner thereafter filed in this Court a document captioned "Petition to Admit and Give Full Faith & Credit to Administrative Record and Judgment Via Authority of Title 28 Section(s) 1738 and/or 1739 of the United States Code" (Doc. No. 1).

**DISCUSSION**

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). For the reasons set forth below, this action is dismissed pursuant to Section 1915(e).

**Full Faith & Credit Act**

Pursuant to 28 U.S.C. § 1738, Petitioner asks this Court to give full faith and credit to the alleged default judgment he claims to have obtained against Respondent Bank.

The Full Faith and Credit Act provides that the "judicial proceedings" of any state "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. "The Act thus directs all courts to treat a state court judgment with the same respect that it would receive in courts of the rendering state." *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996).

In the instant case, Petitioner's action must fail because there is no "state court judgment" awarding default judgment to Petitioner. The only basis for Petitioner's claim of a default judgment is Respondent's failure to respond to Petitioner's May 2011 "Notice of Demand" and June 2011 "Notice of Default with Opportunity to Cure." Petitioner appears to argue these documents constitute "state court judgments" because they have been notarized. This argument is rejected. Petitioner's act of sending a notarized document to Respondent does not constitute a "state court judgment" entitled to full faith and credit pursuant to Section 1738.

3

**CONCLUSION**

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                          s/ *Jack Zouhary*
                                                       JACK ZOUHARY
                                                       U. S. DISTRICT JUDGE

                                                       October 17, 2011