IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Keith Dandridge, El., etc.,          Case No. 3:11 MC 80

           Petitioner,          MEMORANDUM OPINION
                              AND ORDER

       -vs-
                                     JUDGE JACK ZOUHARY

Wells Fargo Bank, NA,

           Respondent.

### INTRODUCTION

This matter is before the Court upon a Motion for Reconsideration (Doc. No. 6) and Amended Memorandum in Support (Doc. No. 7) filed by *pro se* Petitioner, who asks this Court to reconsider its October 17, 2011 Memorandum Opinion and Order dismissing this action (Doc. No. 4). This Court dismissed the action on the grounds the act of sending a notarized document to Respondent Wells Fargo Bank did not constitute a "state court judgment" entitled to full faith and credit pursuant to 28 U.S.C. § 1738 (Doc. No. 4 at 3).

### STANDARD OF REVIEW

It is well-established that motions for reconsideration shall be construed as motions to alter or amend judgment under Federal Civil Rule 59(e). *See, e.g., Moody v. Pepsi-Cola Metro Bottling Co., Inc.*, 915 F.2d 201, 206 (6th Cir. 1990); *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979). A motion to alter or amend a judgment under Federal Civil Rule 59(e) allows a court to "reconsider matters 'properly encompassed in a decision on the merits.'" *Ashburn v. General Nutrition Ctrs*., 533 F. Supp. 2d 770, 773 (N.D. Ohio 2008) (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174

(1989)). A court thus has the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982)). It is appropriate to set aside a prior judgment only when there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or, (4) a need to prevent manifest injustice." *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 507 (6th Cir. 2008) (internal quotations and citations omitted).

## **ANALYSIS**

Petitioner argues this Court erred when it failed to address the argument that certain notarized documents (described in the Court's prior Opinion) should be given full faith and credit pursuant to 28 U.S.C. § 1739. Section 1739 provides, in relevant part:

> All nonjudicial records or books kept in any public office of any State, Territory, or Possession of the United States, or copies thereof, shall be proved or admitted in any court or office in any other State, Territory, or Possession by the attestation of the custodian of such records or books, and the seal of his office annexed, if there be a seal, together with a certificate of a judge of a court of record of the county, parish, or district in which such office may be kept, or of the Governor, or secretary of state, the chancellor or keeper of the great seal, of the State, Territory, or Possession that the said attestation is in due form and by the proper officers.

Pursuant to this Section, Petitioner maintains this Court has a "fiduciary obligation" to give full faith and credit to the notarized documents at issue. He characterizes these notarized documents as an "Administrative Record" evidencing an agreement between the parties, and asks this Court to recognize them as "documentary evidence." Moreover, Petitioner insists "[t]here is no evidence within the Record, Petition, or code sections invoked therein, that suggest a 'claim' or controversy exists" (Doc. No. 6 at 1). Accordingly, he argues, this Court erred in dismissing his Petition because this Court is without a complaint or controversy to dismiss.

This Court rejects Petitioner's argument. It is well-established that federal court jurisdiction is limited by the United States Constitution to "cases" and "controversies." *Associated General Contractors of America v. City of Columbus*, 172 F.3d 411, 414 (6th Cir. 1999). Specifically, Article III, Section 2, Clause 1 of the United States Constitution provides:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . . to Controversies to which the United States shall be a Party; to Controversies between two or more States; between a State and Citizens of another State; between Citizens of different States; between Citizens of the same State claiming Lands under Grants of different States; and between a State, or the Citizens thereof, and foreign States, citizens or Subjects.

Interpreting this provision, the Supreme Court has explained that the terms "cases" and "controversies" "limit the business of federal courts to questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process." *Flast v. Cohen*, 392 U.S. 83, 94–95 (1968).

Petitioner expressly acknowledges there is no claim or controversy at issue in his Petition (Doc. No. 6 at 1–2). In the absence of a claim or controversy, this Court does not have a basis for exercising jurisdiction over Petitioner's request that it "recognize" or "admit" the notarized documents at issue. Moreover, Petitioner's reliance on Section 1739 is misplaced. That statute is an evidentiary rule relating to the self-authentication of certain non-judicial records. It does not provide a basis for federal court jurisdiction, nor does it (or any provision of the U.S. Constitution) create a "fiduciary trust" or "fiduciary obligation" on the part of this Court to recognize or admit the notarized documents at issue.

**CONCLUSION**

For the reasons set forth above, Petitioner's Motion for Reconsideration (Doc. No. 6) is denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 23, 2011